## MATTESON v. JOHNSTON.

(Supreme Court, Appellate Division. Fourth Department. July 12, 1910.)

1. DEEDS (§ 93*)—CONSTRUCTION—INTENT OF PARTIES.

Under Real Property Law (Consol. Laws, c. 50) § 240, subd. 3, providing that every instrument creating, transferring, assigning, or surrendering an estate or interest in real property must be construed according to the intent of the parties, so far as it can be gathered from the whole instrument and is consistent with the rules of law, the intention of the parties is the controlling principle of interpretation, if that can be fairly spelled out of the instrument.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 231, 232; Dec. Dig. § 93.*]

2. CANCELLATION OF INSTRUMENTS (§ 57*)—RELIEF—REFORMATION.

In an action to cancel a deed by plaintiff to defendant, where the court found that plaintiff, by a clause in the deed, intended to reserve the use of the premises during her life, and that the defendant also so intended, and both parties have given that construction to the clause, and the clause is unambiguous, and its meaning obvious and its purpose in the deed evident, though as a matter of law the clause was ineffective to accomplish

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that purpose, the deed can be reformed to conform to the intention of the parties, and the fact that the deed was a gift to defendant does not prevent the application of this rule of practice.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 114–118; Dec. Dig. § 57.*]

3. GIFTS (§ 41*)—RESCISSION.

Where a conveyance was freely made to the grantee, without any fraud upon the grantor, the grantee is entitled to retain what was intended to be conveyed, and the title which vested in her on the intentional delivery of the deed should not be canceled to gratify the caprice of the plaintiff.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. § 20; Dec. Dig. § 41.*]

Appeal from Special Term, Erie County.

Action by Sally Matteson against Ella M. Johnston. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Roland Crangle, for appellant.
Alonzo G. Hinkley, for respondent.

SPRING, J. The action was commenced to cancel a deed of conveyance executed and delivered by the plaintiff to the defendant in April, 1907.

The plaintiff is the aunt of the defendant, and they resided on farms in the same neighborhood in the county of Erie. The plaintiff was upwards of 70 years of age and was much afflicted and depressed by the death of her son and only child in January preceding. The defendant, a married woman in middle life, had lived in the household of the plaintiff during her early childhood, and their relations were intimate until after the execution of the deed in controversy, and until the influence of other relatives with the plaintiff had embittered her against the defendant, who had been her favorite niece.

The deed was prepared by a friend of the defendant, and the acknowledgment of its execution was taken by a notary public in the vicinity. The story of the defendant and her witnesses is to the effect that the plaintiff voluntarily informed her that she wished to deed the farm to her, reserving in herself a life estate by a separate instrument. The defendant thereupon took the deed vesting the title in the plaintiff to Mr. Christie, the man suggested by the plaintiff to draft the deed, and the instrument in question was prepared. The defendant testified that she told Mr. Christie that the plaintiff desired a deed with a separate life lease, and the scrivener said the life estate could be reserved in the deed itself, and a separate instrument conveying a life estate was unnecessary. The deed, accordingly, contained these clauses:

"And the said Sally Matteson does covenant with the said party of the second part as follows: That the party of the second part shall quietly enjoy the said premises. Subject, however, to the life interest of the said party of the first part, Sally Matteson."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendant and the notary both testified that the deed was read over to the plaintiff before she executed it, and the life lease clause was satisfactorily explained to her, and the deed was then executed and acknowledged by her and delivered to the defendant.    Several witnesses testified that the old lady told them she had conveyed the farm to the defendant, and to some that possession was not to be given until after her death.    The plaintiff testified that she never knowingly executed the deed, that she signed what she supposed was a receipt, and the instrument was not read over to her at all, and that she was in poor health with impaired hearing and vision.    The weight of the evidence is very largely with the defendant on these questions of fact, and the trial judge so realized.

The complaint charged the defendant with fraudulently procuring the execution and delivery of the deed to her.    On this issue the court found:

"That the plaintiff executed said deed by her own free and voluntary act and without fraudulent inducement on the part of the defendant or any other person.  That from the time of the execution and delivery of the deed above referred to, and up to the trial of this action, the plaintiff continued to reside on and remain in possession of the premises described in said deed."

The court also found that the plaintiff and the defendant "intended that the clause" referred to in the deed "should operate as a reservation of a life estate in the plaintiff in said premises."

The court, therefore, upholds the integrity of the transaction and exculpates the defendant from the charge of overreaching the plaintiff; and further finds exactly what the parties intended, and certainly that coincides with the interpretation put upon the instrument by the defendant.    As the court has found, the plaintiff has been in the undisturbed possession of the farm since the delivery of the deed, the same as before, without interference or suggestion of molestation on the part of the defendant.

The court, however, reached the conclusion that the clause was ineffective to secure the life estate in the plaintiff, and, accordingly, the transaction designed was never in fact accomplished; that there was no acceptance by the plaintiff of the use of the premises for life, and as the deed was "intended as a gift, and, never having been consummated by a life lease of said premises, the plaintiff has the right to withhold the same."

The complaint was not framed on any such lines as the court embodied in its decision, nor did the trial take that course.    I think the legal conclusions reached by the court are not justified by the facts found.

It is clear that the plaintiff did accept the reservation of the life use in herself.    She has retained possession and received the avails of the farm and managed and controlled it.    The gift was consummated by the voluntary delivery and acceptance of the deed and with the like interpretation both parties gave to the reservation clause.  The defendant has never asserted any right to occupy the land and enjoy its benefits.    She has been content to wait until she became entitled to the farm.

There is no different rule applicable to the construction of a covenant or clause in a deed than governs in the construction of any other instrument. The intention of the parties is the controlling principle of interpretation, if that can be fairly spelled out of the instrument. The real property law (chapter 50, § 240, subd. 3, Consol. Laws; section 205, Real Property Law 1896) is as follows:

"Every instrument creating, transferring, assigning or surrendering an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law."

Full effect is given to this rule by the courts. Clark v. De Voe, 124 N. Y. 120, 124, 26 N. E. 275, 21 Am. St. Rep. 652; Kitching v. Brown, 180 N. Y. 414, 427, 73 N. E. 241, 70 L. R. A. 742; Coleman v. Beach, 97 N. Y. 545, 553, et seq.

In the case first cited the court say:

"Covenant is simply a contract of a special nature, and the primary rule for the interpretation thereof is to gather the intention of the parties from their words, by reading not simply a single clause of the agreement, but the entire context, and, where the meaning is doubtful, by considering such surrounding circumstances as they are presumed to have considered when their minds met."

Applying this rule to the deed in controversy, it is plain, as the court has found, that the plaintiff intended to reserve the use of the premises during her life, and that the defendant also so intended, and to add to the reasonableness of this interpretation both parties have given that practical construction to the clause. I can see no difficulty in carrying out this intention of the parties with the deed in its present form. The clause is unambiguous, its meaning is obvious, and its purpose in the deed evident.

If, however, there is any misapprehension of the meaning of this clause, the deed can readily be reformed in this action to conform to the intention of the parties. Born v. Schrenkeisen, 110 N. Y. 55, 59, 17 N. E. 339.

The fact that the deed was a gift to the defendant does not prevent the application of this rule of practice. If the conveyance was freely made and delivered, without any fraud upon the old lady, the defendant is entitled to retain what was intended to be conveyed to her. The intentional delivery of the deed vested the title in her, and it ought not to be canceled to gratify the caprice of the plaintiff, which was probably inspired by interested relatives.

The proof shows that the parties have always been friendly, and that the plaintiff had no near relatives, and apparently the defendant was the only one who cared for her in sickness or stress of any kind. The deed of the farm to the defendant, although a gift, is not one of those unjust transactions which courts occasionally are required to pass upon and condemn.

The judgment should be reversed.

Judgment reversed, and new trial granted, on the law and facts, with costs to the appellant to abide event. All concur.